HILL, FARRER & BURRILL LLP
Daniel J. McCarthy (Bar No. 101081)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840

Attorneys for Involuntary Chapter 11 Debtor
GEORGES MARCIANO

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GEORGES MARCIANO,<br><br>Debtor. | CASE NO. 2:09-bk-39630 VK<br><br>Chapter 11<br><br>**ANSWER TO INVOLUNTARY PETITION; COUNTERCLAIM UNDER 11 U.S.C. § 303(i); DEMAND FOR JURY TRIAL**<br><br>DATE:   April 8, 2010<br>TIME:   2:00 p.m.<br>CTRM:  1645 |

COMES NOW involuntary Chapter 11 debtor Georges Marciano ("Marciano") in answering the involuntary Chapter 11 petition filed against him on October 27, 2009, and admits, denies and alleges as follows:

### ANSWER TO INVOLUNTARY PETITION

1.  In answering the specific allegations of the involuntary petition filed on October 27, 2009, Marciano admits that his name is Georges Marciano; that he is an individual; and that amended judgments were entered in favor of the petitioning creditors in the amounts alleged in the involuntary petition, although those judgments are on appeal, they are not final, and they are not entitled to any *res judicata* or collateral estoppel effect under applicable law. Except as expressly admitted and alleged herein, Marciano denies the allegations of the involuntary petition

1  filed on October 27, 2009, and specifically denies that his street address is 1000 N. Crescent

2  Drive, Beverly Hills, California 90210, as of October 27, 2009, and denies the allegations of

3  paragraphs 1, 2, and 3(a) at the bottom of the first page of the involuntary petition.

4      2.    Marciano is solvent and is paying his debts as become due, unless such debts are

5  subject to bona fide dispute as to liability and/or amount. As such, the involuntary petition should

6  be dismissed under 11 U.S.C. § 303(h)(1).

7      3.    The claims of all of the petitioning creditors are subject to bona fide dispute as to

8  liability and amount. As such, the involuntary petition should be dismissed under 11 U.S.C. §

9  303(b).

## FIRST AFFIRMATIVE DEFENSE

### (Insufficiency of Service of Process)

4. Petitioning creditors failed to properly serve Marciano with the summons and involuntary petition in this action, thereby rendering this involuntary action subject to dismissal under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(5), as incorporated through Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7012.

## SECOND AFFIRMATIVE DEFENSE

### (Lacks of Personal Jurisdiction)

5. Because the petitioning creditors failed to properly serve Marciano with the summons and involuntary petition in this action, the Court lacks personal jurisdiction over Marciano, thereby rendering this involuntary action subject to dismissal under F.R.C.P. 12(b)(2), as incorporated through F.R.B.P. 7012.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State Claim)

6. The involuntary petition fails to state a claim upon which relief can be granted against Marciano because Marciano does not consent to entry of an order for relief against him and because entry of an order for relief in this involuntary Chapter 11 proceeding would violate Marciano's constitutional rights, including his rights against involuntary servitude under the Thirteenth Amendment to the United States Constitution, his rights to equal protection, his rights

to due process, and his rights under the Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4, which requires that bankruptcy laws apply uniformly among classes of debtors. The provisions of 11 U.S.C. § 303 are unconstitutional, as applied to individual debtors such a Marciano against whom an involuntary Chapter 11 petition has been filed, because they authorize entry of an order for relief over the objection of the involuntary debtor, who then would be subject to the provisions of 11 U.S.C. § 1115(a)(2) that make the debtor's post-petition earnings property of the debtor's estate under 11 U.S.C. § 541 until such time as the case is closed, dismissed or converted to a case under Chapter 7, 12 or 13, whichever occurs first. In contrast, even though the post-petition earnings of Chapter 13 debtors also are estate property under 11 U.S.C. § 1306(a)(2), an involuntary Chapter 13 petition may not be filed against an individual debtor because 11 U.S.C. § 303(a) does not authorize that, and courts have relied upon this distinction to hold that the analogous provisions of 11 U.S.C. § 1306(a)(2) do not violate the Thirteenth Amendment. The unconstitutionality of 11 U.S.C. § 303 and §1115(a)(2), when taken together, is compounded as follows: (A) there are no guidelines under 11 U.S.C. § 363 or any other statute under which courts must permit an individual Chapter 11 debtor's use of post-petition earnings to pay for that debtor's post-petition expenses, thereby rendering 11 U.S.C. § 363 and § 1115(a)(2) unconstitutionally vague, when taken together; (B) an individual Chapter 11 debtor has no absolute right to dismiss or convert the debtor's Chapter 11 case, but in contrast a Chapter 13 debtor has an absolute right to dismiss or convert his or her case pursuant to 11 U.S.C. § 1307(a) and (b), which courts have held renders the analogous provisions of 11 U.S.C. § 1306(a)(2) constitutional and not in violation of the Thirteenth Amendment; (C) an individual Chapter 11 debtor's post-petition earnings continue to be estate assets until the "completion of all payments under the plan" given that a discharge is not granted until all plan payments are made, unless specifically authorized by the court, 11 U.S.C. § 1141(d)(5); (D) by requiring that the value of the property to be distributed under an individual Chapter 11 debtor's plan not be less than the projected disposable income of the debtor during "the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments," 11 U.S.C. § 1129(a)(15)(B), an individual Chapter 11 debtor is effectively required to use all of

- 3 -

1    the debtor's projected post-petition disposable income to make plan payments unless or until

2    unsecured claims are fully paid; (E) whether or not a plan has been substantially consummated, a

3    trustee, the U.S. Trustee or an unsecured creditor may seek modification of the plan to increase

4    payments or extend the time for payments, which means that the five year period described above

5    could be extended, thereby subjecting the individual Chapter 11 debtor's continuing disposable

6    income to the requirement that it be used to pay creditors [see 11 U.S.C. § 1127(e) and F.R.B.P.

7    3019(b)], which contrasts with the five year maximum on plan payments in a Chapter 13 context

8    [see 11 U.S.C. §§ 1322(d), 1325(b)(4), 1329(c)] that courts have relied upon to conclude that the

9    analogous provisions of 11 U.S.C. § 1306(a)(2) are constitutional and not in violation of the

10    Thirteenth Amendment; (F) after a Chapter 11 debtor's exclusive period to file a plan ends, a

11    creditor or trustee may file a plan and pursue confirmation of the plan over the Chapter 11

12    debtor's objection [see U.S.C. § 1121(b) and (d)], whereas in a Chapter 13 context only the

13    Chapter 13 debtor may file a plan [see 11 U.S.C. § 1321], and courts have relied upon this to

14    conclude that the analogous provisions of 11 U.S.C. § 1306(a)(2) are constitutional and not in

15    violation of the Thirteenth Amendment; and (G) a creditor's ability to file a competing plan in

16    Chapter 11 [see 11 U.S.C.§ 1121(c), (d), (e)] may effectively force modification of an individual

17    Chapter 11 debtor's plan by the debtor, whereas only a Chapter 13 debtor may modify a Chapter

18    13 plan prior to confirmation [see 11 U.S.C. § 1323(a)], leaving creditors of a Chapter 13 debtor

19    with the more limited right to object to confirmation, which courts have also relied upon to

20    conclude that the analogous provisions of 11 U.S.C. § 1306(a)(2) are constitutional and not in

21    violation of the Thirteenth Amendment.

### FOURTH AFFIRMATIVE DEFENSE

(Abstention)

24    7.    The Court should abstain from this involuntary Chapter 11 proceeding pursuant to

25    28 U.S.C. § 1334(c)(1) and (2) in that, *inter alia*, the alleged claims of the petitioning creditors

26    are based upon amended judgments already on appeal before the Second District of the California

27    Court of Appeals; the validity of those judgments will be determined in those appeals in a timely

28    manner; the appeals from those judgments turn upon matters of state law; there would be no basis

- 4 -

for this Court's jurisdiction to make any determination regarding the claims upon which the petitioning creditors' amended judgments are based were it not for this involuntary Chapter 11 proceeding; and there are other appeals pending before the Second District of the California Court of Appeals, which relate to the pending appeals from the petitioning creditors' amended judgments.

## COUNTERCLAIM

### (Against Petitioning Creditors)

8. Marciano incorporates paragraphs 1 through 7 above as though fully set forth herein.

9. Pursuant to 11 U.S.C. § 303(i)(1), Marciano is entitled to all costs and attorney's fees incurred by him in opposing the involuntary petition in an amount subject to proof in this action.

10. The involuntary petition was filed in bad faith, thereby subjecting the petitioning creditors to damages proximately caused by such filing in an amount subject to proof in this action or to punitive damages pursuant to 11 U.S.C. § 303(i)(2).

## DEMAND FOR JURY TRIAL

11. In the event that the Court does not abstain from this involuntary Chapter 11 proceeding, Marciano requests and demands a jury trial on all issues triable before a jury, including the issues bearing upon the permissibility of the involuntary Chapter 11 petition, pursuant to Local Bankruptcy Rule 9015-2(b); F.R.C.P 38(b), as made applicable by Local Bankruptcy Rule 9015-2(b); 28 U.S.C. § 1411(b); and the Seventh Amendment to the United States Constitution. Marciano does not consent to the requested jury trial occurring before the Bankruptcy Court, and instead requests that said jury trial occur before the United States District Court for the Central District of California, in the event that the Court does not abstain from this involuntary Chapter 11 proceeding.

**WHEREFORE**, Marciano demands judgment against all petitioning creditors as follows:

1. That the petitioning creditors' involuntary petition be dismissed;

2. That Marciano be awarded his attorney's fees and costs incurred in connection

- 5 -

1 with this involuntary bankruptcy proceeding pursuant to 11 U.S.C. § 303(i)(1) in an amount subject to proof;

3. That Marciano be awarded all damages proximately caused by the involuntary petition or punitive damages 11 U.S.C. § 303(i)(2) in an amount subject to proof; and

4. For such other and further relief as the Court deems appropriate under the circumstances.

DATED: February 1, 2010

HILL, FARRER & BURRILL LLP

By: /s/ Daniel J. McCarthy
DANIEL J. McCARTHY
Attorneys for Involuntary Chapter 11
Debtor GEORGES MARCIANO

| In re: Georges Marciano | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-39630-VK |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 S. Grand Avenue, 37th Floor, Los Angeles, California 90071

A true and correct copy of the foregoing document described <u>ANSWER TO INVOLUNTARY PETITION; COUNTERCLAIM UNDER 11 U.S.C. § 303(i); DEMAND FOR JURY TRIAL</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 1, 2010</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com
Peter A Davidson    pdavidson@ecjlaw.com
Dare Law    dare.law@usdoj.gov
Daniel J McCarthy    dmccarthy@hillfarrer.com
Kenneth N Russak    krussak@frandzel.com, banderson@frandzel.com;efiling@frandzel.com
Richard Seegman    rseegman@wolfgroupla.com
Ramesh Singh    claims@recoverycorp.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>**(indicate method for each person or entity served):
On <u>February 1, 2010</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, **certified-return receipt requested**, first class, postage prepaid, ~~and/or with an overnight mail service~~ addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

*PLEASE SEE ATTACHED SERVICE LIST*

☒ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 1, 2010 | Hae Jung Park | /s/ Hae Jung Park |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: Georges Marciano | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-39630-VK |

## SERVICE LIST

Civil Process Clerk
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

Attorney General
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1